UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Roy Frene

    v.                                  Civil No. 18-cv-577-PB

New Hampshire Department of
Corrections Medical and Forensic
Services Director Paula Mattis

**REPORT AND RECOMMENDATION**

Plaintiff Robert Roy Frene, an inmate at the New Hampshire State Prison for Men ("NHSP"), has requested preliminary injunctive relief in the form of dental care. See Doc. No. 1. The defendant, New Hampshire Department of Corrections ("DOC") Medical and Forensics Director Paula Mattis, has objected to that request. See Doc. No. 7.

**Background**

Frene has alleged that he needs a nonprison dental care provider to extract nine of his teeth which are "impacted." Compl. (Doc. No. 1), at 1. Attached to the defendant's objection to Frene's request for injunctive relief is an affidavit prepared by DOC Dental Office Supervisor Alexis White, which states that since Frene filed his request for injunctive relief here, he has seen an oral surgeon at the prison, who

removed the teeth and root tips at issue in this matter.  See Aff. of Alexis White (Doc. No. 7-2), at 2.  Frene has not filed anything indicating otherwise.

## Discussion

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted); see also March v. Mills, 867 F.3d 46, 52-53 (1st Cir. 2017), cert. denied, 138 S. Ct. 1545 (2018).  The burden of proof is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

The record before the court indicates that Frene has obtained the relief he sought in his request for an injunction.  Frene, therefore, has failed to meet his burden to demonstrate that he will suffer irreparable harm in the absence of the court's issuance of the requested injunction.  Accordingly, the district judge should deny Frene's request for preliminary injunctive relief as moot.

## Conclusion

For the foregoing reasons, the district judge should deny Frene's request for preliminary injunctive relief. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 19, 2019

cc:   Robert Roy Frene, pro se
      Lawrence Edelman, Esq.