UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Roy Frene

    v.                                          Civil No. 18-cv-577-PB

New Hampshire Department of
Corrections Medical and Forensic
Services Director Paula Mattis

### REPORT AND RECOMMENDATION

Plaintiff Robert Roy Frene is an inmate at the New Hampshire State Prison for Men ("NHSP").  In this action, he is suing the New Hampshire department of Corrections Medical and Forensic Services Director, Paula Mattis, for violating his Eighth Amendment rights by providing him with inadequate dental care.  Before this magistrate judge for a Report and Recommendation is the defendant's motion to dismiss (Doc. No. 6) this action for failure to state a claim upon which relief can be granted.  Plaintiff has not filed an objection.[1]

### Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts

---

[1] On March 7, 2019, the court issued an order: (1) noting the plaintiff's failure to respond to the defendant's motion to dismiss; (2) extending the time for him to do so; and (3) informing him that if he did not respond to the motion, the court would rule on the unopposed motion.  Plaintiff did not file an objection or otherwise respond to the March 7 order. See Mar. 7, 2019 Order.

1

alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff's] favor." Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018) (internal quotation marks and citation omitted). Then, when focusing "on the non-speculative, non-conclusory facts and reasonable inferences implied by those facts, [the court must] ask whether it is plausible, as opposed to merely possible, that [the] plaintiff's complaint narrates a claim for relief." Id.

## Background

Frene's complaint (Doc. No. 1) in this case states, in its entirety:

> I. Due to my mental and physical state of well being I request injunction for relief.
>
> II. I have been gravely mistreated and need outside medical and dental care.
>
> III. I have 9 impacted teeth that need removing and have been in this state of pain for 14 months.

Compl. (Doc. No. 1, at 1).[2]

## Discussion

Defendant now moves to dismiss Frene's lawsuit on the grounds that Frene has failed to assert sufficient facts to state an Eighth Amendment claim upon which relief might be

---

[2] Frene's request for injunctive relief was denied on March 12, 2019. See Mar. 12, 2019 Order (Doc. No. 9) (approving Feb. 19, 2019 R&R (Doc. No. 8)).

granted.  Plaintiff's complaint asserts that the defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to extract his bad and painful teeth for a period of fourteen months.

An Eighth Amendment claim challenging the adequacy of prison health care services, including dental care services, has both an objective and a subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Board v. Farnham, 394 F.3d 469, 480 (7th Cir. 2005) ("'dental care is one of the most important medical needs of inmates'" (citation omitted)).  "[T]he deprivation alleged must be, objectively, 'sufficiently serious,'" and a prison official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  The objective component may be established by allegations regarding an unmet serious medical or dental health need, "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016); see also Board, 394 F.3d at 480 ("dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need" (citing cases regarding, among other things, "deterioration of teeth due to lack of treatment")).  The subjective component of an Eighth

3

Amendment claim requires the plaintiff to demonstrate that the defendant prison official acted with deliberate indifference to the plaintiff's health or safety.  See Miranda-Rivera, 813 F.3d at 74.  "Deliberate indifference requires (1) that 'the official . . . be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) that he draw that inference.'"  Id. (quoting Farmer, 511 U.S. at 837).

The court assumes, without deciding, that plaintiff's assertion that he suffered dental pain for many months adequately alleges that his impacted teeth were unhealthy enough to create a serious medical need.  To satisfy the subjective component of his Eighth Amendment claim, Frene must also allege facts which show that Mattis was aware of his need for dental care and, disregarding his serious dental needs, denied him necessary dental care or treatment.

The complaint does not state facts to demonstrate that Mattis was actually aware of Frene's serious dental condition and need for dental care, or what role Mattis played in denying him that care.  Without such allegations, Frene has failed to adequately allege that Mattis denied him care with deliberate indifference to his serious dental condition.  Thus, plaintiff has failed to state a claim against the sole named defendant to this action for the denial of constitutionally adequate dental care during his incarceration at the NHSP.

**Conclusion**

For the foregoing reasons, the district judge should grant the defendant's motion to dismiss (Doc. No. 6).  Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The 14-day period may be extended upon motion.  Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 15, 2019

cc:  Robert Roy Frene, pro se
     Lawrence Edelman, Esq.